UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARINA ISKHAKOVA , <br><br> Plaintiff, <br><br> vs. <br><br> L'OREAL USA, INC. <br><br> Defendant. | Case No. 1:22-cv-04801 |

**CONSENT DECREE**

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 10, by and between Plaintiff Marina Iskhakova ("Plaintiff") and Defendant L'Oreal USA, Inc. ("Defendant") (collectively the "Parties").

**RECITALS**

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 (the "ADA"), and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination based on disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3. On or about August 15, 2022, Plaintiff filed the above-captioned action in the United States District Court for the Eastern District of New York (the "Action"). Plaintiff alleges that Defendant's website, saloncontric.com ("Website"), is not fully accessible to, or independently usable by, Plaintiff and all other blind or visually impaired people in violation of Title III of the ADA and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Administrative Code §§ 8-101 *et seq*.

4. Defendant expressly denies that the Website violates any federal, state or local law, including the ADA and the NYCHRL, and it denies any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

6. This Consent Decree is entered into by Plaintiff, individually, but is intended by the Parties to inure to the benefit of visually impaired individuals who are members of the putative class alleged in the Complaint.

## JURISDICTION

7. Plaintiff alleges Defendant is a corporation that conducts business in New York through its website. Plaintiff contends that the Website is a place of public accommodation subject to Title III of the ADA. 42 U.S.C. § 12181(7); 12182(a). Defendant denies that the Website is a public accommodation or that it is a place of public accommodation or otherwise subject to Title III of the ADA and/or the NYCHRL.

8. This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

9. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this Action, the Parties hereby AGREE to the following:

## DEFINITIONS

10. "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

11. "Reasonable Efforts" means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in Paragraphs 15 through 18 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts the cost or difficulty of which could constitute an undue burden, as defined in Title III of the ADA, but as applied solely to the Websites (as defined in Section 14 herein) as though the Websites were a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendant operates the Websites, or the primary functions related thereto, or which could result in a loss of revenue or traffic on Defendant's Website-related operations.

## TERM

12. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (1) 24 months from the Effective Date; (b) the date, if any, that the United States Department of Justice adopts regulations for websites under Title III of the ADA; or (c) the date, if any, that the U.S. Court of Appeals for the Second Circuit finds that Websites are not public accommodations under Title III of the ADA.

## GENERAL NONDISCRIMINATION REQUIREMENTS

13. Pursuant to the terms of this Consent Decree, Defendant:

    a. shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in or benefit from the goods, services, privileges, advantages, or accommodations through the Website as set forth herein. 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R.§ 36.202(a);

    b. shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein. 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. § 36.202(b);

    c. shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services through the Website as set forth herein. 42 U.S.C.§ 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303; and

    d. shall evaluate existing and/or develop and implement new policies and procedures for ensuring that persons with a disability (as defined under the ADA), including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services through the Website as set forth herein. 42 U.S.C.§ 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

## COMPLIANCE WITH TITLE III OF THE ADA

14. Web Accessibility Conformance Timeline: Defendant shall comply with Section 13 of this Consent Decree in connection with the Website and Defendant's related websites, including all pages therein and linked to therefrom or that can be navigated to from the Website

or which, when entered, reroute to the Website (these websites include: https://www.cerave.com; https://www.dermablend.com; https://www.laroche-posay.us; https://www.skinceuticals.com; https://www.vichyusa.com; https://www.makeup.com; https://www.skincare.com; https://www.carolsdaughter.com; https://www.essie.com; https://www.garnierusa.com; https://www.lorealparisusa.com; https://www.maybelline.com; https://www.nyxcosmetics.com; https://www.softsheen-carson.com; https://www.thayers.com; https://www.giorgioarmanibeauty-usa.com; https://www.itcosmetics.com; https://www.kiehls.com; https://www.lancome-usa.com; https://www.muglerusa.com; www.prada-beauty.com; www.ralphlaurenfragrances.com; https://www.urbandecay.com; https://www.valentino-beauty.us; https://us.viktor-rolf.com; https://www.yslbeautyus.com; www.biotherm.com; www.maisonmargiela-fragrances.us; www.ateliercologne.com/us_en; https://www.biolage.com; https://www.hair.com; https://www.kerastase-usa.com; https://us.lorealprofessionnel.com; https://www.matrix.com; https://www.matrixprofessional.com; https://www.mizani.com; https://www.pureology.com; https://www.redken.com; https://www.redkensalon.com; https://www.shuuemuraartofhair-usa.com; www.youthtothepeople.com; and www.pulpriothair.com) (collectively the "Websites"), according to the following timeline and requirements, provided that the following dates will be extended in the instance that the Department of Justice issues regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

    a.    To the extent not already done, within 18 months of the Effective Date, Defendant shall use Reasonable Efforts to modify the Websites as needed to substantially conform to the Web Content Accessibility Guidelines 2.0 and/or Web Content Accessibility Guidelines 2.1, Level A and AA Success Criteria to the extent determined to be applicable, in

such a manner so that the Websites will be accessible to persons with vision disabilities.

    b.  The Parties acknowledge that Defendant's obligations under this Consent Decree do not include: (i) substantial conformance with WCAG standards for user-generated content and/or other content or advertisements and/or websites that Defendant does not own, operate, prepare, or control but that are linked from the Websites (including, but not limited to, any content/websites hosted by third parties and implemented on the Websites); and (ii) the provision of narrative description for videos. The Parties also agree that if the U.S. Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, or determine that Websites are not public accommodations under Title III of the ADA, Defendant may choose, in its discretion, to cease the remediation efforts described above.

    c.  In achieving such conformance, Defendant may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1.0; the Authoring Tool Accessibility Guidelines ("ATAG") 2.0; the Guidance on Applying WCAG 2.1 to Non-Web Information and Communications Technologies ("WCAG2.1ICT"), published by the Web Accessibility Initiative of the World Wide Web Consortium ("W3C"); as well as other guidance published by the W3C's Mobile Accessibility Task Force; the British Broadcasting Corporation Mobile Accessibility Standards and Guidelines 1.0 ("BBCMASG 1.0"); or other website accessibility tools or guidelines; or any combination thereof. If Defendant, in reasonably relying upon any of the foregoing, fails to achieve substantial conformance with the current applicable WCAG standard, Defendant will have nonetheless met its obligations.

    d.  If Defendant is unable to achieve substantial conformance with the applicable WCAG guidelines despite having used Reasonable Efforts to achieve substantial conformance, it shall be deemed to have satisfied its obligations under this Consent Decree as

set forth herein regarding remediation of the Websites.

## PROCEDURES IN THE EVENT OF DISPUTES

15.     The procedures set forth in Paragraphs 16 through 18 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree, or (ii) Defendant concludes that it cannot substantially comply with any criteria of the applicable WCAG standard as set forth hereinabove.  Defendant shall not have breached this Consent Decree in connection with the foregoing until the following procedures have been exhausted.

16.     If any of the Parties claim this Consent Decree or any portion of it has been violated ("breach"), the party alleging the breach shall give written notice, including detailed particulars, of such violation to the party alleged to be in breach.  The alleged breaching party must respond to such written notice of breach no later than 30 calendar days thereafter (the "Cure Period"), unless the parties agree to extend the time for response.  If the alleged breach is of a nature that it cannot be cured during the Cure Period, the parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured.  If the parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the party alleging a breach of the Consent Decree may seek enforcement of compliance with this Consent Decree from the Court.  The Court shall, in its discretion, award reasonable attorneys' fees and costs to the prevailing party in any such enforcement action.

17.     Defendant shall not be in breach of this Consent Decree unless (a) an independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Edge,

Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than 90 days from receipt of the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than 90 days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Consent Decree or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

18. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

|  |  |
|---|---|
| For PLAINTIFF: | Mark Rozenberg<br>STEIN SAKS, PLLC<br>One University Plaza, Suite 620<br>Hackensack, NJ 07601<br>mrozenberg@steinsakslegal..com<br>T: (201) 282-6500 |
| For DEFENDANT: | Steve A. Miller<br>Scott C. Fanning<br>FISHER & PHILLIPS LLP<br>10 South Wacker Drive \| Suite 3450<br>Chicago, IL 60606<br>smiller@fisherphillips.com<br>sfanning@fisherphillips.com<br>T: (312) 580-7800 |

### ENFORCEMENT AND OTHER PROVISIONS

19. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

20. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

**PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES**

21. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree, but it does not bind members of the putative class identified in Plaintiff's Complaint as no class has been certified.

22. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree.

**CONSENT DECREE HAS BEEN READ**

23. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

Date:_____  PLAINTIFF,

By: _Marina Iskhakova_ Digitally signed by Marina Iskhakova Date: 2022.11.21 12:15:18 -05'00'

Name:_____

Title:_____

Date:_____  DEFENDANT

FP 45568695.3

9

By: __L'Oreal USA__

Name: __Colleen Giusto__

Title: __AVP, Labor & Employment__

APPOVED AS TO FORM AND CONTENT:

Dated: __11-21-2022__

PLAINTIFF'S LAWYERS

By: __*s/Mark Rozenberg*__
Mark Rozenberg
STEIN SAKS, PLLC
One University Plaza, Suite 620
Hackensack, NJ 07601
mrozenberg@steinsakslegal.com
T: (201) 282-6500

Dated: __December 8, 2022__

DEFENDANT'S LAWYERS

By: __*s/ Phillip Bauknight*__

Phillip Bauknight
FISHER & PHILLIPS LLP
430 Mountain Ave. | Suite 303
Murray Hill, NJ 07974
pbauknight@fisherphillips.com
T: (908) 516-1059

Steve A. Miller
Scott C. Fanning
FISHER & PHILLIPS LLP
10 South Wacker Drive | Suite 3450
Chicago, IL 60606
sfanning@fisherphillips.com
T: (312) 580-7800

FP 45568695.3

10

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

FINDS AS FOLLOWS:

1) This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant;

5) The Plaintiff is acting as a private attorney general in bringing the Action and enforcing the ADA;

6) The Court's jurisdiction over this matter shall continue for 24 months; and

7) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff in the Action based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

SO ORDERED.

Dated: _____

New York, New York

_____
United States District Court Judge